Filed 10/22/21  In re N.T. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re N.T., et al., Persons Coming Under the Juvenile Court Law. _____ <br><br> SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHIDREN'S SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> R.T., <br><br> Defendant and Appellant. | H048922 <br> (Santa Clara County Super. Ct. Nos. 18JD025288, 18JD025289) |

## THE COURT[1]

Appellant, R.T., appeals from an order reinstating an order terminating her parental rights as to N.T. and X.T.  Respondent, Santa Clara County Department of Family and Children's Services (Department) and R.T. jointly move for a summary reversal of the order.  The parties agree that the trial court failed to ensure compliance with the Indian Child Welfare Act (ICWA), and request that we remand the matter to the

_____

[1] Before Greenwood, P.J., Danner, J., and Wilson, J.

trial court for the limited purpose of complying with ICWA. We grant the motion and reverse the order pursuant to the stipulation of the parties.

## I. PROCEDURAL BACKGROUND

On December 10, 2019, the juvenile court terminated R.T.'s parental rights as to both children. R.T. appealed, claiming the Department failed to conduct an adequate inquiry under ICWA. (*In re N.T. et al.* (October 14, 2020, H047669) [nonpub. opn.].) This Court agreed and conditionally reversed the order, remanding the matter to the trial court for a further ICWA inquiry.

Following remand, the Department conducted a further inquiry, and on March 2, 2021, the juvenile court found the renewed inquiry adequate. The court found that ICWA did not apply, and reinstated the December 10, 2019 order terminating R.T.'s parental rights. This timely appeal ensued.

After R.T. filed her opening brief arguing that the Department's renewed inquiry remained insufficient, the parties jointly moved for summary reversal.

## II. DISCUSSION

On appeal, R.T. contends that the Department made insufficient attempts to contact various family members who may have information about potential tribe membership. Because of this insufficient inquiry, the parties agree that the juvenile court erred when it found that ICWA did not apply. They further agree that this court is likely to reverse the order on appeal. To minimize delay, they jointly request that this court reverse and remand the matter for the limited purpose of allowing the Department to conduct a proper inquiry and send notice under ICWA as appropriate. The parties agree that if after proper inquiry and notice, the juvenile court finds that ICWA does not apply, the order terminating R.T.'s parental rights can be reinstated. (*In re N.D.* (2020) 46 Cal.App.5th 620, 624.)

The parties' joint motion supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ.

2

Proc., § 128, subd. (a)(8).) For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. Summary reversal of the judgment would place the parties in the same position they would be in if the appeal were successfully prosecuted to completion, would save both private and judicial resources because it would obviate the need for further briefing by the parties and review of the record by this court, and most importantly would minimize delay in permanency for the children. Both public policy and the public interest are served by these outcomes.

This court further finds that the parties' grounds for requesting reversal are reasonable. The parties agree that the Department's inquiry into tribal membership was insufficient, but they also agree that if the matter is remanded for ICWA compliance, the prior order terminating parental rights can be reinstated after ensuring such compliance and making the proper findings. These grounds outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Public trust in the courts is enhanced, not eroded, when parties recognize and acknowledge errors and agree to resolve them with limited delay. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

### III. DISPOSITION

The March 2, 2021 order reinstating the prior order terminating parental rights is reversed pursuant to the stipulation of the parties. The matter is remanded to the trial court for the limited purpose of ensuring compliance with ICWA. If the court determines that the inquiry and notice requirements of ICWA have been met, and finds that the children are not Indian children, the court shall reinstate the December 10, 2019 order terminating R.T.'s parental rights. The remittitur shall issue forthwith.

3